# UNITED STATES DISTRICT COURT
# IN THE DISTRICT OF COLORADO

UNILOC 2017 LLC,

    *Plaintiff*,

v.

SLING TV L.L.C.

    *Defendant*.

Case No. 1:19-cv-00278-RBJ
Judge R. Brooke Jackson

## AGREED ORDER GRANTING DEFENDANT'S MOTION TO STAY PENDING DECISIONS ON PETITIONS FOR *INTER PARTES* REVIEW

This matter is before the Court on Defendant Sling TV L.L.C.'s Motion to Stay Pending Decisions on Petitions for *Inter Partes* Review (Dkt. 65). The basis of Defendant's motion is that Defendant has petitioned the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO") for *inter partes* review ("IPR") of all claims asserted by Plaintiff Uniloc 2017 LLC in this action. In the instant motion, Defendant requests a stay pending the PTAB's institution decisions on Defendant's petitions for IPR of U.S. Patent Nos. 6,895,118 ("the '118 Patent"), 9,721,273 ("the '273 Patent"), and 8,407,609 ("the '609 Patent"). Institution decisions on Defendant's IPR petitions are expected in January and February 2020.

Pursuant to the Court's Order (Dkt. 67), Plaintiff filed its Response to Defendant's Motion to Stay on September 17, 2019. Plaintiff does not oppose Defendant's motion for a stay until February 2020 to allow a determination of whether the PTAB will institute IPRs on one or more of the patents-in-suit. Dkt. 68 at 1. Plaintiff requests that a status conference be set for March 2, 2020 or shortly thereafter to allow the parties an opportunity to inform the Court of the status of the PTAB proceedings. *Id.* Plaintiff further requests that the parties submit a status report for the

1

Court's consideration one week before the status conference. *Id.* Plaintiff opposes any stay as to any patent where an IPR does not institute.

In determining whether to stay a case pending parallel USPTO proceedings, the Court considers a number of factors and the totality of the circumstances. *See Gemalto S.A. v. CPI Card Group Inc.*, No. 15-cv-02776-RM-MJW, Dkt. 100 at 2 (D. Colo. July 11, 2016). In particular, the Court considers: "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay will reduce the burden of litigation on the parties and on the court." *Id.* Having considered the briefing and Plaintiff's non-opposition to Defendant's motion, the Court concludes that the relevant factors and the totality of the circumstances weigh in favor of granting Defendant's motion to stay.

Accordingly, Defendant's Motion to Stay Pending Decisions On Petitions for *Inter Partes* Review is GRANTED. It is therefore ORDERED that the above-captioned case is stayed pending the PTAB's institution decisions with respect to Defendant's petitions for *inter partes* review of the '118, '273, and '609 Patents.

The Court ORDERS the Parties to submit a joint status report for the Court's consideration on or before February 28, 2020.

So ordered this 18th day of October, 2019.

HON. R. BROOKE JACKSON
United States District Court Judge